# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN MARTIN, RHONDA BREWER,
DAVID McCOY, MARY O'GRADY, and
MARISSA ELYSE SANCHEZ,

      **Plaintiffs,**

      **vs.**                                **Civ. No. 18-31  RB/JFR**

CITY OF ALBUQUERQUE,

      **Defendant.**

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
## AND GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Compel the Production of Documents, filed February 25, 2019 (Doc. 68), and Defendant's Motion for Protective Order, filed March 1, 2019 (Doc. 70).  Notices of Completion of Briefing were filed on April 4, 2019, and May 3, 2019.  Docs. 84, 97.  The Court, having reviewed the submissions of the parties and the relevant law, and being otherwise fully advised, FINDS that Plaintiffs' Motion to Compel is not well taken and is **DENIED,** and that Defendant's Motion for Protective Order is well taken and is **GRANTED.**

## Background

On January 11, 2018, Plaintiffs brought their Complaint under 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, and Article II, § 17 of the Constitution of the State of New Mexico, for declaratory and injunctive relief against the City of Albuquerque in response to the City's adoption of Council Bill O-17-51, codified at Albuquerque Code of Ordinances § 8-2-7-2 (the "Ordinance").  Doc. 1.  Plaintiffs allege that the Ordinance, although framed as an effort to protect public safety, is part of an attempt to drive

"panhandling" out of Albuquerque, and that it unnecessarily prohibits a significant amount of

protected speech from taking place in long-used traditional public forums, is not narrowly

tailored to the asserted safety concerns, and is overbroad and unconstitutional. *Id.*

On January 30, 2019, Plaintiffs took the deposition of one of the City's Rule 30(b)(6)

witnesses, Christopher Melendrez, a senior policy analyst for legal and land use matters for the

City Council since approximately April of 2013. Docs. 68-1 at 2, 70 at 4. Mr. Melendrez is also

an attorney with experience in, among other things, land use and city planning. Doc. 70 at 4.

Mr. Melendrez had a central role in the drafting of the Ordinance at issue in this case. *Id.*

During Mr. Melendrez's deposition, Mr. Melendrez explained that the development of

the Ordinance followed an abandoned effort by Councilor Don Harris to introduce a bill that

would impose limitations on "passive" panhandling. Doc. 70 at 4-5. When questioned about

discussions Mr. Melendrez had with Councilor Trudy Jones about the abandoned bill and the

Ordinance, Mr. Melendrez consulted with Attorney Tim Atler before answering. *Id.* at 5. After

a short recess, the following exchange took place on the record:

| Mr. Atler: | So I would like to state for the record that the previous question called, in part, for disclosure of information that was sought for the purpose of obtaining legal advice, and we believe[] is privileged. |
| --- | --- |
| | However, for the purposes of this case, we are willing to have a limited waiver of the privilege to discuss those conversations. But I just want to make it clear that that shouldn't be construed as a general waiver of any privileged communications Mr. Melendrez has had with any council member in any other matter. |
| Ms. Santos: | Understood. Thank you. |
| Mr. Martin: | And, Tim, just so I understand the scope of the waiver, this will be a subject matter waiver with respect to conversations concerning the ordinance that Mr. Melendrez had with the City Council? |
| Mr. Atler: | Concerning both the ordinance that was being proposed by Councilor Harris and the ordinance that's the subject of this case. |

Doc. 68-1 at 6, Doc. 70 at 5.  Mr. Melendrez then proceeded to testify "for several hours."[1]

<h3 style="text-align:center"><strong><u>Plaintiffs' Motion to Compel</u></strong></h3>

In their Motion to Compel, Plaintiffs seek all privileged communications involving members of the City Attorney's office that relate to the Ordinance.  Doc. 68 at 1.  In support, Plaintiffs argue Defendant cannot selectively waive the privilege for some communications while asserting the privilege for others, and that the requirements for subject matter waiver set forth in Federal Rule of Evidence 502(a) are satisfied.  *Id.*  In particular, Plaintiffs contend that Mr. Melendrez voluntarily waived the attorney-client privilege as to his discussions with members of the City Council regarding the Ordinance; that they now seek only undisclosed privileged communications on the same subject matter involving all other members of the City Attorney's office; and that fairness requires the undisclosed communications be considered together with the communications over which the City has already waived privilege.  *Id.* at 2, Doc. 82 at 12.  Plaintiffs argue that Mr. Melendrez's testimony goes to the heart of Plaintiffs' claims regarding whether the Ordinance was proposed and adopted out of true safety concerns or because of content-based restriction on free speech, and that allowing the City to defend the Ordinance by offering privileged testimony from only one of the City's attorneys while

---

[1] Plaintiffs state that Mr. Melendrez testified for several hours about the legal advice and analysis he provided to members of the City Council regarding the Ordinance and its legality.  Doc. 68 at 5.  In their Reply, Plaintiffs state that Mr. Melendrez testified "for hours about the privileged content of his discussions with Councilors and their staff – covering such topics as his analysis of the Ordinance, the advice he provided to City Councilors regarding the legality of the Ordinance, the concerns the Ordinance was intended to address, and whether the Ordinance was necessary to address those concerns."  Doc. 82 at 8-9.  Defendant states that the vast majority of Mr. Melendrez's testimony concerned the facts surrounding the formulation and drafting of the Ordinance and not concerning his legal advice to the City Council.  Doc. 95 at 1.  Defendant further states that only the advice Mr. Melendrez provided to the City Councilors regarding the legality of the Ordinance was privileged, and that the rest of the topics concerned facts within the City's knowledge as conveyed by Mr. Melendrez pursuant to Rule 30(b)(6).  *Id.* at 6-7.

simultaneously withholding communications from its other attorneys is precisely the unfair

circumstances Rule 502(a) was created to avoid.  Doc. 68 at 7.

**Defendant's Motion for Protective Order[2]**

In its Motion for Protective Order, Defendant moves the Court for entry of a protective

order prohibiting Plaintiffs from obtaining discovery of privileged communications between the

City Attorney's Office and the City Council.  Doc. 70.  Defendant asserts that the waiver at issue

was limited to "conversations concerning the ordinance *that Mr. Melendrez had* with the City

Council" as stated on the record, and that Plaintiffs did not object to the scope of the waiver, and

in fact acquiesced to the limitation which implicitly encouraged Mr. Melendrez to speak freely

about his privileged communications with the City Council.  Doc. 70 at 4-10 (emphasis in

original).  As further evidence of Plaintiffs' understanding of the limited scope of Defendant's

waiver of attorney-client privilege during the deposition, Defendant states that when asked if

anyone else was involved in the drafting of the Ordinance, Mr. Melendrez testified that the City

Attorney's office had provided suggestions on his drafts.  Doc. 70 at 6.  At that point, however,

Mr. Atler clarified that the privilege for communications between the City Attorney's office and

the Council had *not* been waived.  *Id.* at 6-7.  Additionally, when Plaintiffs' counsel questioned

Mr. Melendrez about whether other City attorneys had questioned the legality of the proposed

Ordinance, and whether Mr. Melendrez had conferred with other City attorneys on his research,

Mr. Atler objected on grounds of attorney-client privilege and that Plaintiffs' counsel did not

dispute the validity of the objection and moved on.  *Id.* at 7-8.  Thus, Defendant argues that

---

[2] On March 21, 2019, Defendant responded to Plaintiffs' Motion to Compel and incorporated by reference its motion
for protective order.  Doc. 76.

Plaintiffs tacitly agreed and understood the limited scope of the waiver articulated in the deposition. *Id.*

Defendant further asserts that fairness does not require disclosure of the undisclosed communications because the City gained no unfair advantage by disclosing only Mr. Melendrez's communications, and that Plaintiffs have failed to identify how the disclosure of Mr. Melendrez's communications with the Council was selective, misleading, unfair or disadvantageous to Plaintiffs. *Id.* at 14-18. Defendant argues that, to the contrary, the limited waiver was made in good faith to facilitate a complete Rule 30(b)(6) deposition and not in an attempt to on the one hand use Mr. Melendrez's testimony as a sword to advance the City's position while on the other hand use the attorney-client privilege as a shield to prevent Plaintiffs from challenging his testimony. *Id.* Defendant further argues that it takes the position that the legal advice the Council received before adopting the Ordinance is irrelevant in this case, and that even if the Court disagrees, the City's defense is based on the legality of the Ordinance as it is written and not on any legal advice predating its enactment.[3] Doc. 70 at 16. As such, the City's disclosure of Mr. Melendrez's legal advice to the Council had no strategic value. *Id.* Finally, Defendant asserts that it is worth noting that Plaintiffs cannot demonstrate any prejudice if they are unable to obtain the undisclosed privileged communications because Plaintiffs have had "no shortage" of written discovery and deposition testimony, including access to publicly available information concerning the legislative process that led to the passage of the Ordinance related to the Councilors' views and the legislative process that took place concerning the Ordinance. *Id.*

---

[3] Because the Court finds that the voluntary disclosure resulted in a waiver only of the communications disclosed and that subject matter waiver does not apply, the Court does not address the Defendant's relevance argument.

**<u>Analysis</u>**

Federal Rule of Evidence 502(a) governs the subject-matter waiver of the attorney-client

privileged information.  The Rule states that a subject-matter waiver applies if "(1) the waiver is

intentional; (2) the disclosed and undisclosed communications or information concern the same

subject matter; and (3) they ought in fairness to be considered together."  Fed. R. Evid. 502 (a).

"The idea [behind enactment of 502(a)] is to limit subject matter waiver to situations in which

the privilege holder seeks to use the disclosed material for advantage in the litigation but to

invoke the privilege to deny its adversary access to additional materials that could provide an

important context for proper understanding of the privileged materials . . . ."  *Coyne v. Los*

*Alamos National Security, LLC*, 2016 WL 10587986, *6 (D.N.M. March 10, 2016)

(unpublished) (quoting 8 Charles A. Wright et al., Federal Practice and Procedure § 2016.2 (3rd

ed. 2009 Supp.)).  Thus,

> [t]he rule provides that a voluntary disclosure in a federal proceeding or to a
> federal office or agency, if a waiver, generally results in a waiver only of the
> communication or information disclosed; a subject matter waiver (of either
> privilege or work product) is reserved for those unusual situations in which
> fairness requires a further disclosure of related, protected information, in order to
> prevent a selective and misleading presentation of evidence to the disadvantage of
> the adversary.  [Citations omitted.]  Thus, subject matter waiver is limited to
> situations in which a party intentionally puts protected information into the
> litigation in a selective, misleading and unfair manner.

Fed. R. Evid. 502, Advisory Committee Notes.

Here, there is no dispute that Defendant asserted and established the applicability of

attorney-client privilege as it relates to the individuals who advised the City Council as to the

legality of the Ordinance and to all documents providing such advice.  Doc. 70 at 3-4, 11; *see*

*Foster v. Hill (In Re Foster)*, 188 F.3d 1259, 1264 (10th Cir. 1999) (a party claiming the attorney-

client privilege must prove its applicability).  Defendant accordingly produced a privilege log, as

it was required to do, to which Plaintiffs did not object. Doc. 70 at 3-4; *see* Fed. R. Civ. P.

26(b)(5)(A). There is also no dispute that Defendant voluntarily disclosed certain privileged

communications as between Mr. Melendrez and City Councilors related to the Ordinance. Thus,

the issue is whether Defendant's voluntary disclosure resulted in a waiver only of the

communications disclosed, or resulted in a subject matter waiver in which fairness requires

further disclosure of related, protected information. Fed. R. Evid. 502(a).

As an initial matter, Mr. Melendrez's deposition transcript clearly and explicitly

demonstrates the limits of the waiver Defendant intended. Although Plaintiffs' counsel,

Mr. Martin, used the phrase "subject matter waiver" to clarify the scope of the waiver,

Mr. Martin added "with respect to conversations concerning the ordinance *that Mr. Melendrez*

*had* with the City Council." Doc. 68-1 at 6 (emphasis added). Moreover, as Defendant argues,

elsewhere in the deposition Defendant asserted attorney-client privilege with respect to

communications from other members of the City Attorney's office to City Councilors, to which

Plaintiffs made no objection. Doc. 70 at 7-8. As such, the Court is persuaded that the limited

scope of the waiver was clear.

That being said, it is still incumbent upon the Court to determine whether this is an

unusual situation in which "fairness requires a further disclosure of related, protected

information, in order to prevent a selective and misleading presentation of evidence to the

disadvantage of the adversary."[4] Fed. R. Evid. 502(a), Advisory Committee Notes. The Court

finds it is not.

---

[4] Plaintiffs rely on an unpublished district court opinion from the Northern District of California to argue that it is
Defendant's burden to show that fairness does not require waiver of the privilege over documents relating to the
same subject matter. Doc. 82 at 8. The Court is not persuaded. "The plain language of Rule 502(a) is insufficient
to determine how a court should gauge 'fairness' in the discovery context." *De Los Santos v. City of Roswell*, 2013
WL 12330083, *5 (D.N.M. June 26, 2013) (unpublished). "Luckily, the Rules Committee included a note to Rule
502 advising *district courts* on how to evaluate fairness[.]" *Id.* (emphasis added). Further, given that Rule 502(a)'s
language concerning subject matter waiver "ought in fairness" is taken from Rule 106, the Court finds Tenth Circuit

The briefing demonstrates that once the City waived the attorney-client privilege as to Mr. Melendrez's communications with the City Councilors about the Ordinance, Mr. Melendrez testified for several hours.[5]  Further, there is no indication from Plaintiffs or Defendant that Mr. Melendrez refused to answer or selectively answered questions, failed to answer questions fully, or that the amount of time for his deposition was limited such that Plaintiffs were restricted in their ability to ask all of the questions they wanted to ask.  To the contrary, the briefing demonstrates that Mr. Melendrez testified about the development of the Ordinance following an abandoned effort to introduce a bill that would have imposed limitations on "passive" panhandling; about Councilor Trudy Jones' concern over public safety issues arising in the context of panhandling that occurs in roadways; about how the conversations shifted from concerns about panhandling to a focus on public safety; and about his central role in drafting the Ordinance, including the advice he provided to City Councilors regarding the legality of the Ordinance, the concerns the Ordinance was intended to address, whether the Ordinance was necessary to address those concerns, his research on related First Amendment cases, and the Ordinance's impact on First Amendment rights.   Docs. 68 at 5, 70 at 4-7, and 82 at 8-9.  Given the exhaustive content of Mr. Melendrez's testimony as described by the parties, including testimony on the issue of alleged pretext, the Court can find no indication that Defendant's voluntary waiver of attorney-client privilege as to Mr. Melendrez's communications with City Councilors about the Ordinance was made in a selective, misleading or unfair manner.

---

case law addressing Rule 106 is instructive as to how the court should determine fairness.  For example, in *U.S. v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010), the Tenth Circuit held that "[i]n determining whether a disputed portion of a statement must be admitted [under the rule of completeness], the trial court should consider whether '(1) it explains the admitted evidence, (2) places the admitted evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence.'" (Citations omitted).

[5] *See* fn. 1, *supra.*

Additionally, Plaintiffs have failed to show how the disclosure of additional privileged information from other members of the City's Attorney office would further explain Mr. Melendrez's testimony, provide context for proper understanding of the privileged communications disclosed, or present a more complete picture of the history and development of the Ordinance than already provided from Mr. Melendrez's testimony and from others.[6] In other words, there is no evidence that Defendant waived the attorney-client privilege as to Mr. Melendrez's communications to the City Councilors while withholding other information in order to gain a strategic advantage.[7] To the contrary, the Court is persuaded that Defendant's limited waiver of attorney-client privilege related to Mr. Melendrez's communications with the City Councilors about the Ordinance was not intended to give the City an unfair advantage, but was made in good faith to facilitate a complete Rule 30(b)(6) deposition.

For the foregoing reasons, the Court does not find subject matter waiver pursuant to Fed. R. Evid. 502(a).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (Doc. 68) is not well taken and is **DENIED;**

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order (Doc. 70) is well taken and is **GRANTED.**

_____

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

---

[6] Plaintiffs claim that testimony from others casts doubt upon Mr. Melendrez's assertions that the Ordinance's concern was public safety, and then cite to specific testimony from City Councilors that they already have obtained to support their claim. Doc. 82 at 9. Further, Plaintiffs have not disputed Defendant's representation that Plaintiffs have had no shortage of discovery into the City Councilors' views and into the legislative process that took place in developing the Ordinance. Doc. 70 at 18.

[7] Defendant has affirmatively stated, and there is no evidence to the contrary, that its defense in this case is based on the legality of the Ordinance as it was written and not on the legal advice predating its enactment. Doc. 40 at 16.